UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) MICHAEL CROWLEY and<br>(2) MARK WEDDLETON,<br><br>Defendants. | Criminal No.  24cr10356<br><br>Violation:<br><br><u>Count One</u>: Attempt to Possess with Intent to Distribute Five Kilograms or More of Cocaine<br>(21 U.S.C. § 846)<br><br><u>Forfeiture Allegation</u>:<br>(21 U.S.C. § 853) |

<u>INDICTMENT</u>

COUNT ONE
Attempt to Possess with Intent to Distribute
Five Kilograms or More of Cocaine
(21 U.S.C. § 846)

The Grand Jury charges:

On or about June 30, 2021, in Boston and Weston in the district of Massachusetts, and elsewhere, the defendants,

(1) MICHAEL CROWLEY and
(2) MARK WEDDLETON,

did attempt to knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to this Count.

It is further alleged that, with respect to Count One, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were

reasonably foreseeable by, and are attributable to, (1) MICHAEL CROWLEY and (2) MARK WEDDLETON. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(ii) is applicable to defendants (1) MICHAEL CROWLEY and (2) MARK WEDDLETON.

All in violation of Title 21, United States Code, Section 846.

Before the defendant, (1) MICHAEL CROWLEY, committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Section 846, conspiracy to distribute and to possess with intent to distribute marijuana (see United States v. Michael Crowley, 10-CR-10335-RGS), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before the defendant, (1) MICHAEL CROWLEY, committed the offense charged in this count, the defendant was twice convicted of violating Massachusetts General Laws, Chapter 265, Section 15A(b), Assault and Battery by Means of a Dangerous Weapon (see Commonwealth v. Crowley, Suffolk Superior Court docket numbers 1110255001 and 1110255002), serious violent felonies, for which he served more than 12 months of imprisonment (as to each) and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before the defendant, (2) MARK WEDDLETON, committed the offense charged in this count, the defendant was convicted of violating Massachusetts General Laws, Chapter 94C, Section 32E(a)(1), Trafficking 50 Pounds or More of Marijuana (see Commonwealth v. Weddleton, Suffolk Superior Court docket number 1011140001), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

(1) MICHAEL CROWLEY and
(2) MARK WEDDLETON,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
K. NATHANIEL YEAGER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November 26, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn  11/26/2024 @ 12:06pm.
DEPUTY CLERK